# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2022

Lyle W. Cayce
Clerk

No. 20-40240

Marcus Helt, Receiver,

*Appellee*,

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Sethi Petroleum, L.L.C.,

*Defendant*,

*versus*

Shahnaz Sethi,

*Movant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-338

Before Jolly, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

The question presented is whether Shahnaz Sethi ("Shahnaz") had the right to intervene in a receivership litigation involving her son Sameer Sethi ("Sameer"). The district court said no. We affirm.

In May 2015, the Securities and Exchange Commission ("SEC") brought an action against Sameer for perpetuating a fraudulent scheme through his company Sethi Petroleum LLC. On the SEC's motion, the district court appointed a receiver (Marcus Helt, "Receiver") and placed Sameer's assets in receivership. That gave the Receiver full control, possession, and custody over Sameer's assets. Those assets included an entity called Sethi Financial Group, Inc., which was later renamed Elkwood Capital, Inc. ("Elkwood").

Notwithstanding the receivership, Sameer and his wife Julissa Martinez ("Martinez") continued perpetuating their fraudulent scheme through Elkwood. The Receiver and the SEC then asked the district court to confirm that the receivership included Elkwood's assets. The district court agreed. The Receiver and the SEC then entered Elkwood's offices, seized its assets, and included them in the receivership estate.

Martinez moved to intervene as of right in the underlying receivership litigation. She argued that Elkwood was an independent business, so it and its assets did not belong in the receivership estate. Shahnaz also moved to intervene as of right because she allegedly loaned Martinez $100,000 to fund Elkwood's operations. The district court granted Martinez intervention as of right, thus allowing her to participate as a party and contest whether the Receiver properly seized Elkwood's assets. The court, however, denied Shahnaz's motion to intervene as of right.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Shahnaz timely appealed. Because the complete denial of a motion to intervene as of right is an immediately appealable final decision, we have jurisdiction under 28 U.S.C. § 1291. *See Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). Our review is de novo. *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015).

Under Federal Rule of Civil Procedure 24(a)(2), a would-be intervenor must show, among other things, that "existing parties [do not] adequately represent [the movant's] interest." Fed. R. Civ. P. 24(a)(2); *see also Texas*, 805 F.3d at 661–64. "The burden of establishing inadequate representation is on the applicant for intervention." *Edwards*, 78 F.3d at 1005. And our precedent creates a presumption of adequate representation "when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Texas*, 805 F.3d at 661 (internal quotation marks omitted). "If the same ultimate objective presumption applies, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* at 661–62 (internal quotation marks omitted). Such adversity, collusion, or nonfeasance must be more than merely theoretical; there must be a "serious probability" that the existing party and the movant may not share the same ultimate objective. 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1909 (3d ed.); *see also Texas*, 805 F.3d at 661 (citing § 1909).

The district court concluded that Shahnaz and Martinez have the same ultimate objective—removing Elkwood and its assets from the receivership—thus triggering the presumption of adequate representation. Then the district court concluded that Shahnaz failed to overcome that presumption by pointing to adversity of interest, collusion, or nonfeasance on the part of the existing party, Martinez.

No. 20-40240

We have carefully considered Shahnaz's arguments, and we hold that there was no reversible error in the district court's decision.

AFFIRMED.